Filed 1/15/16  P. v. Valenzuela CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042138 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. F1348157) |
| v. | |
| RICHARD DAVID VALENZUELA, | |
| Defendant and Appellant. | |

Defendant Richard David Valenzuela pleaded no contest to one count of possession of metal knuckles, a felony (Pen. Code, § 21810). [1]  The court initially suspended imposition of sentence and granted three years probation on the condition defendant serve 30 days in county jail.  But after defendant was convicted of second degree burglary in another case, and after he admitted other probation violations, the court modified defendant's probation to include, among other things, an increase in his jail term to nine months.

We appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which stated the case and the facts, but raised no specific issues on appeal.  We notified defendant of his right to submit written argument on his own behalf within 30 days.  The

---

[1] Unless otherwise stated, further statutory references are to the Penal Code.

30 days have elapsed, and we have received no written argument from defendant.**[2]** We will conclude there is no arguable issue on appeal and we will affirm the judgment.

## FACTS

At approximately 2:15 p.m. on September 2, 2013, a Santa Clara County Sherriff's deputy saw defendant walking on the sidewalk near the intersection of Monterey Road and Luchessa Avenue in Gilroy, California. The deputy asked if he could speak with defendant and defendant agreed. While talking with defendant, the deputy noticed metal knuckles sticking out of defendant's left pocket. The deputy seized the metal knuckles and placed defendant under arrest.

## PROCEDURAL HISTORY

In September 2013, the district attorney charged defendant with one count of possession of metal knuckles, a felony (§ 21810).

In October 2013, the parties entered into a negotiated disposition. Pursuant to their agreement, defendant pleaded "no contest" to possession of metal knuckles (§ 21810). The terms of the agreement included "no state prison" and 30 days in county jail "top/bottom."

---

**[2]** Our letter was returned to the court with the hand-written notation "not @ this address" and a post office label that stated: "Return to sender[;] Attempted – Not known; unable to forward." We subsequently asked appellate counsel to report on his efforts to contact defendant. Counsel reported: "I have been unable to reach him. I obtained his last known address and telephone numbers from the public defender who represented him. The letter I sent to that address was returned as undeliverable. One of the telephone numbers was out of service. The person who answered the other telephone number said he had not spoken to [defendant] for about two years and believed he was homeless. I conducted online searches of the Santa Clara County jail and CDCR [(California Department of Corrections and Rehabilitation)]. [Defendant] was not in jail in Santa Clara [County] or imprisoned in California."

2

In April 2014, the court suspended imposition of sentence and granted three years formal probation. The conditions of defendant's probation included 30 days in county jail consecutive to time imposed in any other case, with credit for nine days served. The court imposed fines and fees, including: (1) a restitution fine of $308 (§ 1202.4); (2) a probation revocation restitution fine of $280 (§ 1202.44); (3) a court security fee of $40 (§ 1465.8); (4) a criminal conviction assessment of $30 (Gov. Code, § 70373); (5) a criminal justice administration fee of $259.50 (Gov. Code, §§ 29550, 29550.1, 29550.2); and (6) a probation supervision fee of $110 per month (§ 1203.1b).

On June 29, 2014, at 1:19 a.m., Gilroy Police officers responded to a report of a man on the roof of a Sports Authority store. When police climbed onto the roof of that store, the officers saw defendant and a woman standing on the roof of a nearby store. The officers apprehended defendant and the woman as they attempted to run away. The officers recovered burglary tools, two flashlights, two-way radios, and a set of screwdrivers. The woman had two baggies of methamphetamine in her purse.

Defendant was subsequently charged in a separate case with one count of attempted second degree burglary (§§ 664, 459, 460, subd. (b); Santa Clara County Superior Court case No. F1451701). Defendant was also charged with violating his probation in the metal knuckles case.

In August 2014, defendant admitted violating his probation. He also pleaded no contest to the second degree burglary offense. He was reinstated on probation in the metal knuckles case and granted probation in the burglary case.

In January 2015, the probation officer filed a petition to modify the terms of defendant's probation in both cases. The probation officer advised the court that defendant had been arrested on an unrelated matter on December 8, 2014, and that he remained in custody subject to a probation hold. In the possession of metal knuckles case, the probation department alleged defendant failed to: (1) report for office visits with his probation officer in May and October of 2014; (2) provide proof of employment

3

or enrollment in an education or training program; and (3) make himself available for search.

The probation officer reported that defendant's criminal history included three prior felony convictions for:  (1) unlawful possession of a weapon (former § 12020, subd. (a)(1)); (2) possession of ammunition by a person prohibited from owning a firearm (former § 12316, subd. (b)); and (3) possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  Defendant—who was 34 years old—also had 25 prior misdemeanor convictions for a variety of offenses, including using controlled substances (Health & Saf. Code, § 11550, subd. (a)); driving under the influence (Veh. Code, § 23152, subd (b)); driving on a suspended license (Veh. Code, § 14601.2); prowling (§ 647, subds. (f), (h), & (i)); possession of burglary tools (§ 466); receiving stolen property (§ 496); various forms of vandalism (§§ 594, 594.2); public intoxication (§ 647, subd. (f)); disturbing the peace (§ 415); resisting arrest (§ 148, subd. (a)(1)); unlawful sexual intercourse with a minor (§ 261.5, subd. (c)); and willful violation of a protective order (§ 166, subd. (c)(1)).

At the January 22, 2015 hearing on the petition to modify probation, the parties entered into a negotiated disposition.  Defendant admitted the violations of probation and was continued on probation on the original terms and conditions in both cases, except the court:  (1) deleted the unserved portion of defendant's jail sentence (64 days) that was a condition of his probation in the burglary case; (2) ordered defendant to serve nine months in jail as a condition of probation in the metal knuckles case and 180 days in jail for the probation violation, concurrent to the term on the metal knuckles case; (3) modified the amount of the probation supervision fee, reducing it to $30 per month each for the metal knuckles conviction and the burglary conviction, for a total of $60 per month; and (4) awarded custody credits against each of the jail terms imposed.

In February 2015, defendant filed a petition for resentencing under Proposition 47 (§ 1170.18, subd. (a)).  The district attorney agreed the petition should be granted in the

4

burglary case, but opposed the petition in the metal knuckles case, arguing a conviction for possession of metal knuckles does not qualify for resentencing under Proposition 47.

The trial court denied the petition in the possession of metal knuckles case "because only certain theft and simple drug possession charges are affected by the resentencing provisions of" section 1170.18 and none of the statutory provisions in Proposition 47 "authorize misdemeanor treatment" of defendant's conviction for possession of metal knuckles.

Defendant appeals his conviction in the possession of metal knuckles case only.

## DISCUSSION

We reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436. We find defendant was adequately advised of his rights and the consequences of his plea. Defendant freely, knowingly, and intelligently waived his rights and entered his plea, and no sentencing error appears. The trial court properly denied defendant's petition under Proposition 47 in the possession of metal knuckles case. We thus conclude there is no arguable issue on appeal.

## DISPOSITION

The judgment is affirmed.

_____
Márquez, J.

WE CONCUR:



_____
 Rushing, P. J.




_____
 Grover, J.